**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 17 CR 319** |
| **v.** | ) | **Honorable John Robert Blakey** |
| | ) | |
| **KEVIN MILLER, JR., et al.** | ) | |

**DEFENDANT KEVIN MILLER'S POST-TRIAL MOTION**
**FOR JUDGMENT OF ACQUITTAL**

Defendant KEVIN MILLER, by undersigned counsel MIANGEL C. CODY of TDC LAW OFFICE, respectfully moves this Court, pursuant to Rule 29(a) & (c) of the Federal Rules of Criminal Procedure, for a judgment of acquittal. In support of this motion, we state as follows:

1. Count Five of the Indictment charged Defendant Kevin Miller, Jr., with possession with intent to distribute 400 grams or more of fentanyl. Specifically, the indictment alleged that on or about April 13, 2016, at Aurora, in the Northern District of Illinois, and elsewhere, Kevin Miller did knowingly and intentionally possess with the intent to distribute a controlled substance, namely 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-1 [1-(2- phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). *See* ECF No. 102

2. Mr. Miller's trial commenced on June 11, 2024. ECF No. 398. The jury convicted Mr. Miller on June 20, 2024. ECF No. 408.

3. A court considering a Fed. R. Crim. P. 29 motion asks "whether, after viewing the evidence in light most favorable to the government, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The movant "bears a heavy, indeed, nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). The court must defer to the credibility determinations of the jury and may overturn a verdict "when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Torres-Chavez*, 744 F.3d at 993 (citing *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999)).

4. It is the defendant's contention that the government's evidence could not establish to a reasonable jury that each and every element of the offense was proven beyond a reasonable doubt.

5. Mr. Miller incorporates by reference all pretrial and trial objections that he made during these proceedings, the points of law, and the bases articulated therein. To the extent applicable to him, Mr. Miller incorporates by reference all pretrial and trial objections made by his codefendant, the points of law, and the bases articulated therein. The arguments preserved by this motion are intended to preserve the more specific objections incorporated within that general objection and are not intended as waiver or forfeiture of any more specific objection. Additionally, Mr. Miller is attempting to preserve its objection to all trial errors. Nothing in this motion is intended to be construed as a waiver or forfeiture of anything else that occurred at trial. Finally, to the extent that codefendants raise issues that are applicable to Mr. Miller and are not mentioned herein, Mr. Miller hereby moves to adopt those arguments

as part of his Motion for Judgment of Acquittal.

WHEREFORE, for these reasons, defendant Miller asks that this Court enter a judgment of acquittal as to Count Five of the Indictment.

Dated this 2nd day of December 2024, at Chicago, Illinois.

Respectfully submitted,

By: ______________________
MIANGEL C. CODY
*Counsel for Kevin Miller*

TDC LAW OFFICE
1325 S. Wabash Ave., Suite 305
Chicago, IL 60605

## CERTIFICATE OF SERVICE

The undersigned attorney, MiAngel Cody, hereby certifies that the following document:

**DEFENDANT KEVIN MILLER'S POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL**

was served on December 2, 2024, in accordance with Fed. R. Civ. P. 5 and applicable local rules pertaining to Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers and was sent by first-class mail or by hand delivery to non-ECF filers, if any.

/s/ MiAngel Cody
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
1325 S. Wabash Suite 305
Chicago, IL 60605

*Counsel for Kevin Miller Jr.*