UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No 17 CR 319-4 |
| v. | ) | |
| | ) | Hon. John F. Blakey |
| KEVIN MILLER, JR. | ) | District Judge |

**GOVERNMENT'S STATUS REPORT**

Pursuant to this Court's August 22, 2025, Order, the government submits this status report. As discussed below, defendant has declined to participate in the submission of this status report.

1. Defendant has filed motions for a new trial and for acquittal, R. 455, 456, which this Court has taken under advisement pending a hearing. R.486.

2. At the August 22, 2025 hearing, this Court ordered the parties to meet and confer and file a status report by September 12, 2025. R.521. The government sent defendant's counsel a detailed proposed status report for its consideration on August 26, 2025, and requested to open a conversation regarding scheduling and procedure. *See* Ex. A. Defense counsel acknowledged receipt of the email the next day and stated that counsel would take a look at the report.

3. Without conferring with the government, on September 11, 2025, defendant filed a supplement to its motion for a new trial, which also included (a) a request that the government be ordered to respond to the numbered allegations in the supplement, (b) defendant's position as to attorney-client privilege and whether certain witnesses may be compelled to testify, and (c) a report on the status of their

client's medical conditions. R.527. While defendant's supplement references a meet and confer with government attorneys, that meet and confer took place prior to the Court's August 22, 2025 hearing. Defense counsel did not meet and confer with the government pursuant to the Court's August 22 Order.

4. On September 12, 2025, counsel for the government emailed defense counsel, following up on the proposed joint status report it provided to defense counsel on August 26, 2025. Defense counsel indicated that they submitted their status report in the September 11th filing and would "not be joining [the] filing." *See* Ex. B.

5. The government sets forth its position regarding these proceedings below:

6. Defendant's supplement, R.527, appears to satisfy this Court's order that it specify all bases for its claim of ineffective assistance of counsel.

7. Based on the claims made in defendant's supplement, the government seeks authorization to file a motion seeking an order waiving attorney client privilege. Defendant has represented in his filing, R.527, that he retained attorney Brindley's firm as well as attorney Phil Turner (the "trial attorneys"), to represent him prior to retaining his present counsel. Prior to the August 22, 2025 status hearing in this matter, the parties met and conferred regarding a potential waiver of attorney-client privilege based on defendant's current motion for a new trial. At that time, it was defendant's position that he had waived attorney-client privilege only as to his communications with the trial attorneys with respect to communications prior to trial, and that privilege was not waived as to communications with his trial attorneys

during or after the trial. Defendant now states that he will produce "all Brindley–Miller communications relevant and responsive to the Court's inquiry and the controverted issues in his motion."[1] R.527 at 23. However, this Court must still make a determination as to the scope of the controverted issues. Now that defendant has supplemented his motion, the government requests that this Court permit it to file a motion seeking an order confirming that attorney-client privilege has been waived, and that the Court set a briefing schedule for such a motion.

8. Defendant has requested that this Court order the government to respond to its allegations in the supplemental motion, in the manner of an answer to a civil complaint, within 30 days. R. 527 at 21-22. Defendant's allegations, in the main, largely re-state allegations made in his initial motion, and many of his allegations relate to facts which are not relevant to the core question, which is what attorney Brindley knew about any investigation, and what Brindley did with respect to his representation of Miller. The government believes that many of the issues raised by defendant are not relevant to the determination of his motion, and if ordered by the Court, will file a response outlining its position. The government remains willing, pursuant to this Court's order, to meet and confer about these issues, and if agreement is not possible, to jointly bring the disputed issues to the Court.[2]

---

[1] Defendant incorrectly states that the only basis cited by the government in support of its request for waiver was the text messages attached to the defendant's motion for a new trial. As set forth in Ex. A, the government cited multiple reasons why defendant's attempt to limit waiver would impair the truth-seeking function of the Court.

[2] Prior to the August 22, 2025 hearing, the parties had been discussing production of various documents relevant to the investigation. Further, on August 22, 2025, as the parties were awaiting the hearing, undersigned counsel inquired of defense counsel whether they had the discovery produced in the underlying case; upon learning that they did not have that

9. Defendant also appears to be asking this Court to compel the testimony of certain witnesses. R.527 at 22-23. Defendant suggests that he intends to cross-examine Brindley regarding alleged tax crimes, and that Brindley is likely to invoke his Fifth Amendment privilege in response to those questions. Defendant further suggests that the government will seek to prevent former DOJ employees, specifically, former AUSA Matthew Kutcher, from testifying at a proceeding. Neither issue is ripe for the Court's determination: this Court has not determined whether the anticipated areas of questioning are relevant to the motion, no assertion of privilege has been made, and no one has been subpoenaed. However, if the Court believes a response to these issues would be helpful, the government requests that the Court permit it to respond in writing.

10. Finally, the government objects to defendant's demands that it answer the 97 allegations specifically enumerated in his supplement. Defendant has taken it upon himself to determine the manner in which the hearing will be conducted, in contravention of this Court's order for a meet and confer. Further, the government, which has not had the opportunity to issue subpoenas, is unable to respond to certain of the defendant's allegations and is unable to propose its own statement of facts. Instead, the government had proposed to counsel, and continues to propose, that the Court first resolve the privilege issue, and then that the parties engage in bilateral

---

discovery, undersigned counsel offered to produce that discovery, which, due to the volume, took some time to be assembled and will be produced at the end of next week.

discovery before determining which facts can be agreed and which are disputed. *See* Ex. A at 2-3.

11. As proposed in Ex. A, the government requests that, once the Court has resolved the privilege issue, to facilitate an efficient hearing, this Court:

a. Authorize the early return of subpoenas issued in anticipation of the hearing, and require that the results of any subpoenas issued by any party be produced to the opposing party no later than 3 business days following receipt of responsive documents;

b. To the extent that the material sought by the one party is in the possession of the opposing party, authorize the issuance of discovery requests, with responses due within 30 days;

c. Require that discovery be completed 45 days prior to the hearing date; and

d. Require the parties to disclose any information which they intend to introduce at the hearing, as well as any information subject to Fed. R. Crim. P. 26.2, at least four weeks prior to the hearing; and

e. Require the parties to file a joint statement, one week prior to the hearing, setting forth: (a) agreed and disputed facts; (b) witnesses to be called by each party; and (c) exhibits which are sought to be admitted, along with objections (if any) to the admission of exhibits.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *s/ Maureen E. Merin*
MAUREEN E. MERIN
MEGAN E. DONOHUE
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-1457