US v. Miller Status Report

MM
Merin, Maureen (USAILN) <Maureen.Merin@usdoj.gov>
To Christopher Parente; miangelcody@decarcerationlaw.com
Cc Donohue, Megan (USAILN)

Reply | Reply All | Forward | ...

Tue 8/26/2025 11:53 AM

Miller Status Report DRAFT for_9_12_25.docx
28 KB

Chris and MiAngel,
Please see attached draft status report for your consideration. Obviously, we have until 9/12 (by my calculation) to submit this report, but we wanted to open the conversation regarding scheduling and procedure.
Thanks,
Maureen

Maureen E. Merin
Assistant United States Attorney
219 S. Dearborn St., Suite 500
Chicago, Illinois 60604
Desk: (312) 353-1457
Cell: (312) 371-7246

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No 17 CR 319-4 |
| v. | ) | |
| | ) | Hon. John F. Blakey |
| KEVIN MILLER, JR. | ) | District Judge |

**STATUS REPORT**

Pursuant to this Court's August 22, 2025, Order, the parties submit this joint status report.

1. Defendant has filed motions for a new trial and for acquittal, R. 455, 456, which this Court has taken under advisement pending a hearing. R.486.

2. Defendant [will file/has filed] a supplement to its motion for a new trial, alleging any and all additional facts supporting his contention that he received ineffective assistance of counsel warranting a new trial, including but not limited to, the alleged failure of his attorney to advise him of the terms of a proposed plea agreement. [If not filed before the status report deadline, defendant will file this supplement by DATE].

3. Defendant has disclosed to the government that he retained attorney Brindley's firm as well as attorney Phil Turner (the "trial attorneys"), to represent him prior to retaining his present counsel. The parties have met and conferred regarding a potential waiver of attorney-client privilege based on defendant's current motion for a new trial. It is defendant's position that he has waived attorney-client privilege only as to his communications with the trial attorneys with respect to

communications prior to trial, and that privilege is not waived as to communications with his trial attorneys during or after the trial. It is the government's position that, because (a) defendant is alleging that his attorney Brindley labored under a conflict of interest throughout his representation of defendant which impaired Brindley's ability to represent him; (b) defendant has attached privileged attorney-client communications which occurred during trial in support of his motion; and (c) communications between defendant and his trial attorneys during and after trial are relevant to defendant's state of mind, including whether defendant, as he is anticipated to claim, would have pleaded guilty had he understood the terms of the offered plea agreement. However, the scope of waiver will be informed by the nature and extent of the claims defendant is making regarding his counsel's performance. Thus, any motion seeking an order waiving privilege cannot be filed until defendant supplements his motion. Therefore, by [within 2 weeks of the filing of defendant's supplement to his motion, as discussed in paragraph 2], the government will file a motion seeking an order pertaining to waiver of attorney-client privilege. The defendant will file his response by [DATE (2 weeks)], and the government may file a reply by [DATE (2 weeks)].

4. The parties request that the Court set a status, following its ruling on the government's motion pertaining to waiver of privilege, to set a date for the evidentiary hearing.

5. Once the Court has resolved the privilege issue, to facilitate an efficient hearing, the parties request that this Court:

a. Authorize the early return of subpoenas issued in anticipation of the hearing, and require that the results of any subpoenas issued by any party be produced to the opposing party no later than 3 business days following receipt of responsive documents;

b. To the extent that the material sought by the one party is in the possession of the opposing party, authorize the issuance of discovery requests, with responses due within 30 days;

c. Require that discovery be completed 45 days prior to the hearing date; and

d. Require the parties to disclose any information which they intend to introduce at the hearing, as well as any information subject to Fed. R. Crim. P. 26.2, at least four weeks prior to the hearing; and

e. Require the parties to file a joint statement, one week prior to the hearing, setting forth: (a) agreed and disputed facts; (b) witnesses to be called by each party; and (c) exhibits which are sought to be admitted, along with objections (if any) to the admission of exhibits.

6. Defendant submits the following update regarding his medical condition and basis for remaining on bond to permit treatment for his medical conditions. See Exhibit A [Sealed].

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *s/ Maureen E. Merin*

MAUREEN E. MERIN
MEGAN E. DONOHUE
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-1457